IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:17-cr-10049-JDB-1 |
| AMANDA JANE IVEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING AS MOOT DEFENDANT'S MOTION TO SEAL DOCUMENTS
AND
DIRECTING DEFENDANT TO FILE STATEMENT

Defendant, Amanda Jane Ivey, has filed a motion alleging that the Government breached the plea agreement entered in this case.[1]  (Docket Entry ("D.E.") 96.)  The allegation is in the nature of a claim brought pursuant to 28 U.S.C. § 2255.  *See Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).  Ordinarily, a district court cannot construe a prisoner's filing as arising under § 2255 unless it notifies the inmate of its intention to do so and advises her of the potential consequences.  *Castro v. United States,* 540 U.S. 375, 382 (2003); *accord In re Shelton,* 295 F.3d 620, 622 (6th Cir. 2002).  One of the consequences is that any subsequent § 2255 motion would be subject to the restrictions on a "second or successive" motion, as set forth in 28 U.S.C. § 2255(h).  *Castro*, 540 U.S. at 383.  Defendant is therefore ORDERED to file a statement indicating whether she wishes the Court to construe her motion at D.E. 96 as a motion to vacate, set aside, or correct her sentence pursuant to § 2255.  The inmate's statement is due within twenty-eight days of entry of this order.

---

[1]  At the time she filed her motion, Defendant submitted a second motion requesting that the Court place the first motion and its appended document under seal.  (D.E. 98.)  Because the documents have already been sealed by the Clerk, the motion at D.E. 98 is DENIED as moot.

IT IS SO ORDERED this 5th day of May 2022.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE